IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JERRY BLANEY,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-938-C-BH |
| ) | |
| **TDCJ, WARDEN BOWERS,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the *pro se* prisoner plaintiff's complaint should be **DISMISSED without prejudice** for improper venue.

### I.  BACKGROUND

Jerry Blaney (Plaintiff) is a state prisoner currently incarcerated in the Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), which is located in Huntsville, Walker County, Texas.  (*See* doc. 3 at 1.)[2]  He sues the Warden of that unit and TDCJ, alleging that he was assaulted by officers, he was refused medical treatment, and his identification was taken because he refused to wear a mask. (*Id*.) Without his identification, he cannot process money withdrawals from his inmate trust account to pay court filing fees.  (*Id.* at 2.) He is also allegedly being forced into a small cell with another prisoner, subjected to false cases, denied medical treatment, and deprived of the ability to file grievances.  (*Id.* at 2-4.) He demands "one billion dollars" in damages. (*Id.* at 2.)

Because Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, he may not proceed

---

[1]  By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

[2]   Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury under the "three-strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Blaney v. Allred Unit,* No. 7:21-cv-016-O, 2021 WL 619725 (N.D. Tex. Mar. 11, 2021) (listing dismissed cases in this district). He has also been sanctioned in this district for abuse of judicial resources, fined $100, and barred from filing any new civil action in this district without first paying the filing fee or obtaining prior authorization from a judge in this district. *See id.* (citing *Blaney v. Ovard,* No. 3:15-cv-4035-L, 2016 WL 236020 (N.D. Tex. Jan. 20, 2016)).

## II.  VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for Plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014). Plaintiff does not does not cite a basis for venue in this district. He does not claim that the Warden resides in the Northern District of Texas, or that any part of the events or omissions giving rise to his claims occurred here. He is currently incarcerated in the Wynne Unit in Huntsville, Walker County, Texas, which is located within the Houston Division of the Southern District of Texas. *See* 28 U.S.C. § 124(b)(2). All of the events upon which he bases his claims appeared to have occurred in that district. There is no indication that venue lies in this district.

Section 1406(a) of Title 28 of the United States Code provides:

2

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406.  Courts may transfer a case *sua sponte*.  *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).  They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer this case to the Southern District of Texas, where the case could have been brought because Plaintiff is both three-strikes barred and subject to sanctions in this district for judicial abuse. This case should therefore be dismissed instead of transferred.

### III.  RECOMMENDATION

This case should be **DISMISSED without prejudice** for improper venue.

**SO RECOMMENDED**, this 29th day of April, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE